**Ex parte Duane Latour BARLEY.**

**Nos. 71523, 71524.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 25, 1992.

Duane Latour Barley, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

There are post-conviction applications for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of burglary of a habitation and burglary of a building. Punishment was assessed at six years' imprisonment in each cause, with the sentence for burglary of a building ordered to commence when the sentence for burglary of a habitation has ceased to operate. No appeal was taken from these convictions.

Applicant contends that the order requiring the sentences to be served consecutively is invalid because he had commenced serving the burglary of a building sentence before the order was entered. The trial court has entered findings, supported by the record, that applicant was initially convicted and placed on probation for the burglary of a habitation. Applicant was thereafter charged with the burglary of a building, a motion to revoke his probation was filed, and he entered pleas in both causes resulting in concurrent six year sentences in the Texas Department of Criminal Justice, Institutional Division, under the

Special Alternative Incarceration Program (boot camp). See Article 42.12, Section 8, V.A.C.C.P., and V.T.C.A., Government Code, Section 499.052.[1] Sentences in both causes were ordered to commence December 1, 1989, but were subsequently suspended on March 20, 1990, and applicant was again released on probation. Both probations were then revoked April 17, 1992, with both judgments[2] reflecting that the sentences were to be served consecutively.

Article 42.08, V.A.C.C.P., allows a trial court to cumulate sentences, but makes no provision for cumulation if a defendant is placed on probation after boot camp and subsequently has that probation revoked. In *Ex parte Reynolds*, 462 S.W.2d 605 (Tex.Cr.App.1970), this Court reviewed and reaffirmed the principle that a cumulation order may not be entered once the defendant has begun to serve his sentence because such would violate the constitutional protection against being twice punished for the same offense. *O'Hara v. State*, 626 S.W.2d 32 (Tex.Cr. App.1981), held that this principle applies to shock probations which are revoked, such that the newly imposed sentences may not be cumulated because the defendant has already served a portion of his sentence before having the execution of the sentence suspended. See Article 42.12, Section 6, V.A.C.C.P.

Article 42.12, Section 8, is similar to Section 6 in this respect: applicant had already commenced serving a portion of his sentence before he was released on probation. Although we have recently held that granting a shock probation renders a conviction non-final for purposes of enhancement unless that probation is revoked, *Ex parte Langley*, 833 S.W.2d 141 (Tex.Cr.App. 1992), such does not affect the holding in *O'Hara* that execution of the sentence commenced when the defendant was sent to the Texas Department of Criminal Justice,

Institutional Division, then released on probation.

Relief is granted. The judgments in cause numbers 89–CR–0010–D and 89–CR–2276–D in the 105th Judicial District Court of Nueces County are reformed to delete the orders requiring the sentences to be served consecutively.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Board of Pardons and Paroles Divisions.

---

**1.** At the time applicant was placed in the boot camp program, this was Article 6203c–9, V.A.C.S.

**2.** The original judgment for the burglary of a building did not contain a stacking order, but

the trial court entered a judgment nunc pro tunc reflecting that the order had been entered in the minutes of the court at the time of sentencing, with its omission from the judgment being a clerical error.