NUMBER
13-05-019-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS
CHRISTI B EDINBURG

 

EX PARTE : DANNY GARZA

 

                     On appeal from the 24th District
Court

                                        of
De Witt County, Texas.

 

 

                                                    O
P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Castillo

Opinion by Chief Justice Valdez

 

Appellant, Danny Garza, appeals from the denial of
his application for habeas corpus relief by the 24th District Court of DeWitt
County.  Garza argues that  the habeas court erred in denying relief (1)
because his sentences were improperly cumulated, and (2) because his plea
bargains were not made voluntarily due to ineffective assistance of
counsel.  We affirm.

 








Background

This case involves two sentences for two separate
criminal offenses.  For the first
offense, cause no. 98-9-9126, Garza pled guilty to felony driving while
intoxicated (ADWI@), three or more offenses, and was sentenced to ten
years= imprisonment, suspended and probated to ten years= community supervision.  For the second offense, cause no. 02-05-9646,
which occurred years later while Garza was still on community supervision,
Garza pled guilty to attempted indecency with a child.  During the plea hearing on the attempted
indecency charge, Garza also entered a plea of Atrue@ to the State=s motion to revoke probation in the felony DWI
case.  

The plea bargain reached by Garza and the State for
the attempted indecency charge called upon the trial court to defer
adjudication of guilt and to place Garza on ten years= community supervision and impose a fine.  In the motion to revoke probation for the
felony DWI charge, Garza also reached a plea bargain in which he was sentenced
to five years= imprisonment. 
The trial court ordered that the plea bargain from the attempted
indecency (ten years= community supervision) be deferred and take effect
after Garza was released from prison following the five year sentence resulting
from the plea bargain relating to the revocation of probation for the felony
DWI.  No appeal of either plea bargain
was brought.








Garza then began his five year sentence for the
felony DWI.  He was later paroled and
released from prison on May 19, 2004, at which point the trial court entered an
order that he begin to serve the ten years= community supervision on the attempted indecency
with a child charge.  Garza filed an application
for writ of habeas corpus with the trial court, alleging that his sentences of
five years= imprisonment and ten years= community supervision should have run concurrently
and should not have been Astacked.@  He also
argued that he would not have accepted plea bargains that called for
consecutive sentences had it not been for the ineffectiveness of his trial
counsel.  The trial court denied his
habeas application, which is now the subject of this appeal.

Standard of Review

The burden of proof in a habeas corpus hearing is on
the applicant.  Ex parte Kubas, 83
S.W.3d 366, 368 (Tex. App.BCorpus Christi 2002, pet. ref=d).  In
reviewing the trial court's decision to grant or deny habeas corpus relief, the
appellate court must view the facts in the light most favorable to the trial
court's ruling.  Ex parte Peterson,
117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam); Ex parte Countryman,
180 S.W.3d 418, 418 (Tex. App.BDallas 2005, no pet.).  This Court will uphold the ruling absent an
abuse of discretion.  Peterson,
117 S.W.3d at 819.  We afford almost
total deference to the judge's determination of the historical facts that are
supported by the record, especially when the fact findings are based on an
evaluation of credibility and demeanor.  Id.
 If the resolution of the ultimate
questions turns on an application of legal standards, we review the
determination de novo.  Id.

Cumulation of Sentences








The legislature has given trial courts the
discretion to cumulate sentences for two or more separate convictions, with or
without a motion from the State, or to have such sentences run
concurrently.  See Tex. Code Crim. Proc. Ann. art.
42.08(a) (Vernon Supp. 2005) (AIn the discretion of the court, the judgment in the
second and subsequent convictions may either be that the sentence imposed or
suspended shall begin when the judgment and the sentence imposed or suspended
in the preceding conviction has ceased to operate, or that the sentence imposed
or suspended shall run concurrently with the other case or cases.@); Medina v. State, 7 S.W.3d 876, 880 (Tex.
App.BHouston [1st Dist.] 1999, no pet.).

The State argues that Garza waived this complaint
because he failed to raise it on direct appeal. 
The State relies on Ex Parte Townsend, a case in which an
appellant raised, via a writ of habeas corpus, 
a complaint regarding the stacking of two sentences for two separate
convictions.  Ex Parte Townsend,
137 S.W.3d 79, 81-82 (Tex. Crim. App. 2004).  
The Townsend court determined that Awhen a
defendant has an adequate remedy at law, the merits of his claim may not be
reviewed on an application for a writ of habeas corpus.  To the extent that [Ex parte Barley,
842 S.W.2d 694, 695 (Tex. Crim. App. 1992),] holds that an improper stacking
order claim may be brought for the first time in an application for a writ of
habeas corpus, it is overruled.@  Id. 

Because Garza=s plea bargain included the requirement that he
waive his right to appeal, there was no opportunity for him to seek the proper
remedy through an appeal.  The State
cannot demand as a condition of the plea bargain a waiver of the right to
appeal, and then deny Garza his ability to contest a subsequently-imposed but
potentially illegal sentence due to that waiver.  See LaPorte v. State, 840 S.W.2d 412, 415
(Tex. Crim. App. 1992) (AAn improper cumulation order is, in essence, a void
sentence, and such error cannot be waived. 
A defect which renders a sentence void may be raised at any time.@).  We
therefore address the merits of Garza=s argument that the stacking of his sentence was
improper.








Garza relies on Hurley v. State, 130 S.W.3d
501, 506 (Tex. App.BDallas 2004, no pet.), for the proposition that a
trial court has no authority to stack a deferred adjudication order onto a
separate sentence of imprisonment.  In Hurley,
the court held that under article 42.08(a) of the code of criminal procedure, a
trial court can only stack sentences after there has been a Aconviction@ in each case. 
See Hurley, 130 S.W.3d at 506. 
In the context of deferred adjudication, however, there is no Aconviction@ because there is no adjudication and assessment of
punishment.  See id.  Thus, a conviction-less deferred adjudication
cannot be stacked onto a previously imposed sentence of imprisonment.  Id. Garza argues that the trial court
was without statutory authority to stack the sentences because the court had
(1) the conviction from the first (felony DWI) case, and (2) a deferred
adjudication without a conviction from the second (attempted indecency with a
child) case.








However, the conclusion reached in Hurley
does not apply here.  It is well
established that a defendant placed on deferred adjudication, in addition to
not yet being convicted, also has not yet had a sentence imposed.  See Davis v. State, 968 S.W.2d 368,
371 (Tex. Crim. App. 1998); see also Donovan v. State, 68 S.W.3d 633,
636 (Tex. Crim. App. 2002).  Article
42.08 explicitly requires a second Asentence@ that begins when the preceding sentence Aceases to operate@ for
there to be stacking of sentences.  See
Tex. Code Crim. Proc. Ann.
art. 42.08(a) (Vernon Supp. 2005).  A
trial court cannot be in violation of a sentence-stacking statute if there is
only one sentence involved.  See
id.  In this case, there was neither
a conviction nor a sentence imposed by the court for the second case at the
time Garza was given deferred adjudication. 
The conviction and sentencing in the second case were imposed after
Garza was released from imprisonment for the first case, thus giving the trial
court the authority at that point to order the commencement of Garza=s sentence of community supervision.  

Because we conclude that this is not a case of
illegal sentence stacking, we overrule Garza=s
first issue. 

Ineffective Assistance

By his second issue, Garza argues that his plea
bargain was not voluntary due to the ineffective assistance he received from
counsel.  Garza specifically claims that
his trial counsel erroneously advised him that (1) he could receive a
twenty-five year sentence in the event he went to trial, and (2) he would only
have to register as a sex offender during the period that he was on community
supervision.  

In the context of habeas corpus proceedings, when a
defendant challenges the voluntariness of a plea, contending that his counsel
was ineffective, the voluntariness of the plea depends on (1) whether counsel's
advice was within the range of competence demanded of attorneys in criminal
cases and, if not, (2) whether there is reasonable probability that, but for
counsel's errors, he would not have pleaded guilty and would have insisted on
going to trial.  See Ex Parte Moody,
991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999); see also Strickland v.
Washington, 466 U.S. 668, 687 (1984). 
An appellant has the burden to show that counsel's performance fell
below a reasonable standard of competence and that there is a reasonable
probability that the appellant would have pleaded not guilty and insisted on
going to trial had he been properly advised on the conditions of his sentence.  Moody, 991 S.W.2d at 858.  








Garza first complains that counsel advised him that
he could face up to twenty-five years= imprisonment if he went to trial on the indicted
offenses.  He complains this advice was
erroneous because the maximum sentence possible for the most serious offense
alleged in the indictment, i.e., attempted aggravated sexual assault to a
child, was only twenty years.  See
Tex. Pen. Code Ann. '' 15.01(a), 
22.021 (Vernon 2003 & Supp. 2005). 
However, we note that this proceeding involved the sentencing for two
separate offenses, and therefore the trial court could have properly convicted
and sentenced Garza at the proceeding on both offenses, and then stacked the
sentences for both crimes.  See Tex. Code Crim. Proc. Ann. art.
42.08(a).  Thus, Garza could have faced
ten years= maximum imprisonment for the felony DWI, see Tex. Pen. Code Ann. '' 49.04, 49.09(b) (Vernon 2003), and twenty years= maximum imprisonment for the aggravated sexual
assault to a child, resulting in a total of thirty years.  Garza testified that when he was told he
could potentially receive up to twenty-five years=
imprisonment, he decided to enter the plea bargain.  Therefore, had he known that he in fact faced
an even longer potential maximum sentence by going to trial, it is likely that
his decision would not have changed.  See
Tabora v. State, 14 S.W.3d 332, 337 (Tex. App.BHouston [14th Dist.] 2000, no pet.) (concluding that
despite Asome evidence that appellant may have been misled,@ court did not believe Athis is sufficient evidence for us to determine with
a reasonable probability that but for counsel's errors, appellant would not
have pleaded no contest, but would have insisted on going to trial.@); see also Pena v. State, 132 S.W.3d 663,
669 (Tex. App.BCorpus Christi 2004, no pet.).








Garza also testified that he was erroneously advised
regarding the registration requirements for sex offenders, and that, had he
known how long he might be required to register, he would not have pled guilty
and would have gone to trial.  The Texas
Court of Criminal Appeals has addressed this issue directly, expressly holding
that Aalthough the sex‑offender registration
requirement is a direct consequence of appellant's plea, it is a non‑punitive
measure, and failure to admonish does not necessarily render a plea
involuntary.@  Mitschke
v. State, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004).  Furthermore, we note that Garza testified at
the habeas proceeding that he was told about the registration requirements by
counsel and that he had represented to the trial court that he understood
everything involved in his plea agreement. 
Garza=s trial counsel filed an affidavit with the habeas
court which stated, AI never informed Danny Garza that his sex offender
registration requirement would run only during the time of his community
supervision, but rather that he would have to register as a sex offender.@  Garza has
failed to establish that counsel=s assistance was ineffective and led to an
involuntary plea.  Garza=s second issue is overruled.  

Conclusion

We affirm the judgment of the trial court denying
Garza=s writ of habeas corpus.         

                                           

ROGELIO VALDEZ

Chief Justice

 

 

Publish.

Tex.
R. App. P. 47.2(b).

 

Opinion
delivered and filed

this
13th day of April, 2006.