Opinion filed November 2, 2006















 
 
  
 
 







 
 
  
 
 




Opinion filed November 2, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00068-CR 

                                                     __________

 

                               JIMMY
BARRERA GARCIA, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 244th District Court 

                                                           Ector County, Texas

                                                 Trial
Court Cause No. C-31,497

 



 

                                                                   O
P I N I O N

 

Jimmy Barrera Garcia appeals from the trial court=s revocation of his community
supervision.  Specifically, he challenges
the trial court=s order
that he serve the sentence for this case after the completion of his federal
sentence.   We affirm. 

Background Facts 








Appellant pleaded guilty to the first degree
felony of possession of cocaine with the intent to deliver.  The trial court sentenced appellant to ten
years in the Texas Department of Criminal Justice, Institutional Division.  The trial court  suspended the sentence and placed appellant
on community supervision for a period of ten years.  The State later filed a motion to revoke
appellant=s
community supervision.  Appellant pleaded
true to the violations listed in the motion, and the trial court assessed his
punishment at ten years confinement in the Texas Department of Criminal
Justice, Institutional Division.  Hours
before the revocation hearing, appellant pleaded guilty to an offense in the
United States District Court for the Western District of Texas, and the federal
court convicted him of possession with intent to distribute 500 grams or more
of cocaine.  The federal court sentenced
him to 120 months confinement in the Bureau of Federal Prisons.  In this cause, the  trial court ordered the state sentence to run
consecutive to the federal sentence. 

Issue on Appeal

Appellant contends that the trial court violated
the Due Process Clause and the Double Jeopardy Clause of the United States
Constitution and the Texas Constitution by ordering his revocation sentence to
run consecutively with the sentence in the federal conviction.

Discussion

Tex. Code Crim. Proc. Ann. art. 42.08
(Vernon Supp. 2006) allows a trial court in its discretion to cumulate
sentences when the defendant is convicted of two or more offenses.  Whether the punishment will run concurrently
or cumulatively rests within the sound discretion of the trial court.  Article 42.08(a); Rodriguez v. State,
552 S.W.2d 451, 456 (Tex. Crim. App. 1977). However, a cumulation order may not
be entered if the defendant has begun to serve one of the sentences.  Ex parte Madding, 70 S.W.3d 131 (Tex.
Crim. App. 2002).  A defendant=s sentence begins to run on the day
that it is pronounced.  Id. at 134-35.  Stacking sentences after the defendant has
started serving one sentence violates the constitutional protection from double
jeopardy because it punishes the defendant twice for the same offense.  Ex parte Townsend, 137 S.W.3d 79, 81
(Tex. Crim. App. 2004); Ex parte Barley, 842 S.W.2d 694, 695 (Tex. Crim.
App. 1992). 

Under
Article 42.08 and for purposes of stacking, a case can be treated as a
conviction at the time the trial court suspends the sentence or at the time the
trial court imposes the sentence.  Pettigrew v. State, 48 S.W.3d 769, 771 (Tex. Crim. App.
2001).  

[W]hen
community supervision is revoked, the trial court would have the discretion to
treat the case as a conviction at the time of community supervision and stack a
subsequently committed offense onto the revoked offense, or the trial court
could treat the case as a conviction upon revocation and stack the revocation
sentence onto the sentence for the new offense, if the revocation occurred
after the conviction for the new offense.

 








Id.  Thus, Article 42.08 provides the trial court
with the maximum flexibility possible in stacking sentences. Id. at 773. 

Appellant
argues that he had already begun serving his sentence before the trial court
orally announced the sentences to run consecutively because he was given 134
days credit.  To support his argument,
appellant cites Ex parte Barley, 842 S.W.2d at 694.  In Barley, the defendant was sent to
the Texas Department of Criminal Justice, Institutional Division, under the Special
Alternative Incarceration Program (boot camp). 
The defendant completed the program, and the trial court placed him on
probation.  Id. at 694-95.  The trial court later revoked his probation
and, at that time, cumulated his sentences. 
Barley had already served a portion of his sentence before the trial
court suspended his sentence. The Court of Criminal Appeals held that Article
42.08 allows a trial court to cumulate sentences but does not allow cumulation
if the defendant is placed on probation after boot camp and subsequently has
his probation revoked.  Id. at 695.

In
this case, appellant received credit for the time he served while waiting for
trial.  Appellant could not have begun
serving his sentence until the trial court orally pronounced the sentence.  See Ex parte Madding, 70 S.W.3d
at 134-35.  The trial court pronounced
appellant=s
sentence on the same day it ordered the sentences to be cumulative.  Appellant had not served any portion of his
sentence when the trial court entered the cumulation order.  The trial court did not abuse its discretion
in stacking appellant=s
revocation sentence onto his federal sentence. We overrule appellant=s issue on appeal. 

We
affirm the judgment of the trial court.

 

RICK
STRANGE

JUSTICE

 

November
2, 2006

Do
not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.