

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,316

**EX PARTE BRANDI SHEA TOWNSEND, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 98-CRF-372 IN THE 105TH DISTRICT COURT
## FROM KLEBERG COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of marihuana and sentenced to five years' imprisonment. She did not appeal her conviction.

Applicant contends, *inter alia*, that her trial counsel rendered ineffective assistance because he did not object to an improper cumulation order. Applicant's community supervision was revoked on March 29, 2001 and she was sentenced to five years' imprisonment. Shortly thereafter, she was sentenced in a different case in Travis County to six years' imprisonment with 90 days in the Texas

Department of Criminal Justice's "boot camp" program. TEX. CODE CRIM. PROC. art. 42.12 §8. On September 19, 2001, the Kleberg County District Court signed an "order granting community supervision after boot camp," suspending further execution of the sentence and placing Applicant on community supervision for 10 years. Applicant was then sentenced to five years' imprisonment in Williamson County for burglary of a habitation. After sentencing in the Williamson County case, Applicant's community supervision in Kleberg County was revoked and she was sentenced to five years' imprisonment, to run consecutive to the Williamson County conviction. Counsel did not object to the cumulation order.

If a defendant "has already served a portion of his sentence before the sentence is suspended or probated, then a cumulation order may not be entered to stack the probated sentence on a subsequent sentence because such would violate the constitutional protection against being twice punished for the same offense." *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004); *Ex parte Barley*, 842 S.W.2d 694, 695 (Tex. Crim. App. 1992). In this case, though the Kleberg County District Court did not explicitly sentence Applicant to boot camp, it did sentence her to confinement in TDCJ and she began serving that sentence upon oral pronouncement in open court. *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (noting that once the defendant leaves the courtroom after imposition of sentence, she begins serving the sentence imposed). As Applicant had already served a portion of her sentence before it was suspended or probated, the cumulation order was improper and counsel erred when he did not object.

The trial court found that because Applicant is on parole, she suffers no harm or prejudice. However, applicants on parole are "in custody" for purposes of Article 11.07 applications. *Ex parte Elliott*, 746 S.W.2d 762 (Tex. Crim. App. 1988). Based on both an affidavit from the TDCJ Parole

Division detailing TDCJ's time calculations and a 2007 Judgment *nunc pro tunc* awarding Applicant 903 days of jail time credit, it is apparent from the record that Applicant has been prejudiced by the improper cumulation order and counsel's failure to object to the order.

Relief is granted. The judgment in cause number 98-CRF-372 from the 105th Judicial District Court of Kleberg County is reformed to delete the order requiring the sentence to be served consecutively. All other relief is denied. Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 17, 2010
Do Not Publish