# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00317-CR

**Brandon Christopher Head, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 2007-107, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2007, appellant Brandon Christopher Head pleaded guilty to the offense of burglary of a habitation. Punishment was assessed at eight years' imprisonment, but the district court suspended imposition of the sentence and placed Head on community supervision for eight years. In 2009, the district court revoked Head's community supervision and imposed the sentence that had previously been suspended. Head later filed a motion for shock probation, which the district court granted, placing Head back on community supervision.[1] While Head was still on community supervision for the 2007 offense, he was convicted in Hays County of three subsequent offenses committed in 2011—aggravated robbery, unlawful use of a motor vehicle, and evading arrest. Based

---

[1] *See* Tex. Code Crim. Proc. art. 42.12, § 6(a) ("Before the expiration of 180 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may . . . suspend further execution of the sentence and place the defendant on community supervision . . . .").

in part on Head's commission of those offenses, the State filed a motion to revoke Head's community supervision for the 2007 offense. Following a hearing, the district court granted the State's motion and again revoked Head's community supervision. Over Head's objection, the district court ordered that Head's sentence for the 2007 offense be served consecutively following Head's sentence for the 2011 offense of aggravated robbery. In a single point of error on appeal, Head argues that the district court erred by cumulating his previously suspended sentence for the 2007 offense with his current sentence for the 2011 offense. Under controlling precedent of the Texas Court of Criminal Appeals, we agree.[2]

We review a trial court's decision to cumulate, or "stack," sentences for abuse of discretion.[3] In this context, we will find an abuse of discretion only if the trial court: (1) imposes consecutive sentences where the law requires concurrent sentences; (2) imposes concurrent sentences where the law requires consecutive ones; or (3) otherwise fails to observe the statutory requirements

---

[2] In its brief, the State concedes error on this point and acknowledges the Court of Criminal Appeals precedent but "urges this Honorable Court to reconsider the precedent." However, "as an intermediate appellate court, we must follow the binding precedent of the Court of Criminal Appeals." *Gonzales v. State*, 190 S.W.3d 125, 130 n.1 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *see also State v. Stevenson*, 993 S.W.2d 857, 867 (Tex. App.—Fort Worth 1999, no pet.) ("Because a decision of the court of criminal appeals is binding precedent, we are compelled to comply with its dictates.").

[3] *See Banks v. State*, 503 S.W.2d 582, 587 (Tex. Crim. App. 1974); *Strahan v. State*, 306 S.W.3d 342, 351 (Tex. App.—Fort Worth 2010, pet. ref'd); *see also* Tex. Code Crim. Proc. art. 42.08(a) ("Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case . . . .").

pertaining to sentencing.[4] "In short, so long as the law authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences."[5]

As a general rule, a trial court may stack a defendant's sentences even if one of the sentences was previously probated or suspended.[6] However, there is a well-established exception to this rule. The Court of Criminal Appeals has repeatedly held that a trial court may not stack a previously suspended sentence when the defendant has already served a portion of that sentence, because to do so would violate the defendant's constitutional protection against being punished twice for the same offense.[7] This exception applies when the defendant is granted shock probation, because in such a case, the defendant must actually serve a portion of his sentence before being placed on community supervision.[8] An attempted cumulation order in such a case "is null and void and of no legal effect."[9]

That is what occurred here. The record reflects that Head was on shock probation and had already served a portion of his sentence for the 2007 offense when the district court ordered that

---

[4] *Revels v. State*, 334 S.W.3d 46, 54 (Tex. App.—Dallas 2008, no pet.); *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see also Barrow v. State*, 207 S.W.3d 377, 380-81 (Tex. Crim. App. 2006) (explaining discretionary nature of decision).

[5] *Nicholas*, 56 S.W.3d at 765.

[6] *See Pettigrew v. State*, 48 S.W.3d 769, 772-73 (Tex. Crim. App. 2001).

[7] *See Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004); *Ex parte Barley*, 842 S.W.2d 694, 695 (Tex. Crim. App. 1992); *O'Hara v. State*, 626 S.W.2d 32, 35 (Tex. Crim. App. 1981); *Ex parte Brown*, 477 S.W.2d 552, 554 (Tex. Crim. App. 1972); *Ex parte Reynolds*, 462 S.W.2d 605, 608 (Tex. Crim. App. 1970).

[8] *See O'Hara*, 626 S.W.2d at 35.

[9] *Id*.

Head's sentence for that offense be served consecutively following his sentence for the subsequent offense. Based on the precedent summarized above, the district court had no authority to enter such an order in this case.[10] Therefore, on this record, we must conclude that the district court abused its discretion in entering the cumulation order. We sustain Head's sole point of error.

We modify the judgment revoking Head's community supervision by deleting the order cumulating Head's sentences and providing instead that the sentences shall be served concurrently.[11] As modified, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Modified and, as Modified, Affirmed

Filed: April 4, 2014

Do Not Publish

---

[10] *Id.*

[11] *See Moore v. State*, 371 S.W.3d 221, 229 (Tex. Crim. App. 2012); *Robbins v. State*, 914 S.W.2d 582, 584 (Tex. Crim. App. 1996); *Beedy v. State*, 194 S.W.3d 595, 603 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 250 S.W.3d 107 (Tex. Crim. App. 2008).