

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-55,332-02 & WR-55,332-03

### EX PARTE MARLON LAMON HOODYE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR-00-201-A & CR-00-532-A
### IN THE 22ND DISTRICT COURT FROM HAYS COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault of a public servant and burglary of a habitation and sentenced to ten years' imprisonment on each cause.

Applicant contends that his counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal. He also alleges that counsel should have challenged the cumulation orders entered on both judgments.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte*

*Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004); *Ex parte Barley*, 842 S.W.2d 694 (Tex. Crim. App. 1992). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make a finding as to whether Applicant waived his right to appeal the imposition of the cumulation order. The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 11, 2017
Do not publish