Affirmed and Memorandum Opinion filed April 22, 2008








Affirmed and Memorandum Opinion filed April 22, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00532-CR

____________

 

EX PARTE WOODROW MILLER

 

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 876,249A

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Woodrow Miller, appeals the trial court=s order denying
his application for writ of habeas corpus.  We affirm.

Factual and Procedural Background

 Following plea bargain negotiations, appellant pled nolo
contendere to the offense of indecency with a child.  In accordance with
the plea bargain, appellant was placed on seven years= deferred
adjudication probation on May 20, 2002.








On June 19, 2002, appellant filed a pro se notice of
appeal from the May 20, 2002 order.  On June 27, 2002, appellant filed a motion
to withdraw the notice of appeal with the trial court.  The trial court granted
the motion by order dated June 27, 2002.  The District Clerk did not forward
the appeal because the trial court granted the motion to withdraw the notice of
appeal.  In June 2004, appellant filed an application for writ of mandamus,
claiming the Harris County District Clerk, by refusing to forward his 2002
appeal, had violated a mandatory duty to forward appellant=s notice of
appeal.  A panel of this court granted relief on July 29, 2004.  The Harris
County District Clerk then forwarded the record for appellant=s 2002 appeal to
this court.  A panel of this court issued a memorandum opinion on September 30,
2004, dismissing appellant=s appeal based on appellant=s motion to
withdraw his notice of appeal.  Miller v. State, No. 14-04-00740-CR,
2004 WL 2187136, at *1 (Tex. App.CHouston [14th
Dist.] Sept. 30, 2004, pet. ref=d) (mem. op., not designated for
publication).

On March 10, 2006, appellant filed a second notice of
appeal complaining again of the May 20, 2002 order and the First Amended
Conditions of Community Supervision, which were signed by the trial judge on
March 9, 2006.  A panel of this court issued a memorandum opinion on April 27,
2006, dismissing appellant=s appeal because we did not have
jurisdiction to consider the case.  Miller v. State, No. 14-06-00293-CR,
2006 WL 1140661, at *1 (Tex. App.CHouston [14th
Dist.] April 27, 2006, pet. ref=d) (mem. op., not designated for
publication).








On September 8, 2006, appellant filed a post-trial
application for writ of habeas corpus pursuant to Article 11.072 of the Texas
Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon
2005).  The trial court orally denied appellant=s application
without a hearing on December 14, 2006.  On March 15, 2007, appellant filed
another petition for writ of mandamus with this court complaining the trial
court failed to enter a written order denying relief.  On May 27, 2007, a panel
of this court conditionally granted appellant=s petition for a
writ of mandamus, and ordered the trial court to issue a written order on
appellant=s application for writ of habeas corpus.  In re
Woodrow Miller, No. 14-07-00222-CV, 2007 WL 1500906, at *1 (Tex. App.CHouston [14th
Dist.] May 24, 2007, orig. proceeding) (mem. op., not designated for
publication).

On June 1, 2007, the trial court signed a document titled AFindings of Fact
and Conclusions of Law,@ including a written order denying
appellant=s habeas corpus application.  The trial court
identified the issues appellant raised as: (1) the indictment to which appellant
pled failed to allege an offense; (2) the applicant did not plead guilty or no
contest; (3) no evidence supported the indictment; and (4) the applicant did
not appear before the trial judge who signed the plea papers.  While not
mentioned in the trial court=s AFindings of Facts
and Conclusions of Law,@ appellant also asserted he was entitled
to relief because he received ineffective assistance of counsel.  Appellant
attached the affidavit of Debra L. Smith in support of his contention his trial
counsel failed to properly investigate his case.  This appeal followed the
trial court=s June 1, 2007 order denying appellant=s application for
writ of habeas corpus.

Discussion

Appellant raises six issues in this appeal.  First,
appellant contends there is no evidence supporting the trial court=s 2002 order
placing him on seven years= deferred adjudication probation for the
offense of indecency with a child.  Second, appellant argues the trial court
did not have subject matter jurisdiction.  Third, appellant asserts the trial
judge who signed the order of deferred adjudication probation did not have the
authority to sign that order.  Fourth, appellant argues this court unlawfully
dismissed his direct appeal. Fifth, appellant contends he did not sign a jury waiver.
Finally, appellant claims he received ineffective assistance of counsel.  We
address appellant=s first five issues together and
separately address only his ineffective assistance of counsel claim.

 

 








I.        The
Standard of Review

In reviewing the trial court=s decision to
grant or deny habeas corpus relief, we view the facts in the light most
favorable to the to the trial court=s ruling.  Ex
parte Masonheimer, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007).  We will
uphold the trial court=s ruling absent an abuse of discretion.  Id. 
In conducting our review, we afford almost total deference to the trial judge=s determination of
the historical facts that are supported by the record, especially when the fact
findings are based on an evaluation of credibility and demeanor.  Id. 
We afford the same amount of deference to the trial judge=s application of
law to the facts, if the resolution of the ultimate questions turns on an
evaluation of credibility and demeanor.  Id.  If the resolution of the ultimate
questions turns on an application of legal standards, we review the
determination de novo.  Id.

II.       Appellant
May Not Use The Writ Of Habeas Corpus In Place Of A Direct Appeal

Appellant filed his post-trial application for writ of
habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal
Procedure.  Tex. Code Crim. Proc. Ann. art. 11.072.  In response, the State
contends Article 11.072 precludes appellant from raising his first five
issues.  We agree with the State.








Article 11.072 Aestablishes the
procedures for an application for a writ of habeas corpus in a felony or
misdemeanor case in which the applicant seeks relief from an order or a
judgment of conviction ordering community supervision.@  Tex. Code Crim.
Proc. Ann. art. 11.072 ' 1.  In addition, Aan application may
not be filed under [article 11.072] if the applicant could obtain the requested
relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of
Appellate Procedure.@  Id. ' 3.  This
prohibition even extends to most constitutional claims if the applicant had the
opportunity to adequately raise the issue on direct appeal.  See Ex parte
Townshend, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004) (addressing an appeal
from the denial of a writ of habeas corpus brought pursuant to Tex. Code Crim.
Proc. Ann. art. 11.07).

Each of appellant=s first five
issues could have been raised and adequately addressed on direct appeal.  The
fact appellant sought and received a voluntary dismissal of his direct appeal
in 2004 does not impact our decision as all that is required is that appellant
could have raised the issues on direct appeal.  Accordingly, we overrule
appellant=s first five issues.

III.      Appellant
Failed To Establish He Received Ineffective Assistance of Counsel

In his sixth issue, appellant contends he received
ineffective assistance of counsel during his 2002 court appearance when he entered
his plea of nolo contendere.  Initially, appellant asserts he was
totally deprived of counsel during a critical stage of the trial when,
according to appellant, the trial judge instructed appellant to refrain from
speaking to his counsel.  Appellant also argues his counsel was ineffective
because he failed to adequately investigate appellant=s case.

A.      Is
Appellant Precluded From Pursuing His Ineffective Assistance of Counsel Claim?








As discussed above, claims raised and rejected on direct
appeal are generally not cognizable on habeas corpus.  However, an exception to
this doctrine exists when direct appeal cannot be expected to provide an
adequate record to evaluate the claim in question, and the claim might be
substantiated through additional evidence gathered in a habeas corpus
proceeding.  Ex parte Brown, 205 S.W.3d 538, 546 (Tex. Crim. App.
2006).  Therefore, even if an appellate court rejected a claim of ineffective
assistance of counsel on direct appeal,  a defendant may re-urge consideration
of his ineffective assistance claim in a later habeas corpus proceeding if he
provides additional evidence to prove his claim.  Id. at 547 n.26
(citing Ex parte Nailor, 149 S.W.3d 125, 130B31 (Tex. Crim.
App. 2004)).  In his habeas corpus proceeding, appellant provided additional
evidence in the form of the affidavit of Debra King.  Therefore, appellant was
not precluded from asserting his ineffective assistance of counsel claim in his
habeas corpus proceeding.

B.      The
Standard of Review

In reviewing claims of ineffective assistance of counsel,
we apply a two-prong test.  See Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005) (citing Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)).  To establish ineffective
assistance of counsel, appellant must prove by a preponderance of the evidence
that (1) his trial counsel=s representation was deficient in that it
fell below the standard of prevailing professional norms, and (2) there is a
reasonable probability that, but for counsel=s deficiency, the
result of the trial would have been different. Id.  








An accused is entitled to reasonably effective assistance
of counsel.  King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). 
When evaluating a claim of ineffective assistance, the appellate court looks to
the totality of the representation and the particular circumstances of each
case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
There is a strong presumption that counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  Salinas, 163 S.W.3d at 740; Stults v. State, 23 S.W.3d
198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  To overcome
the presumption of reasonable professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@ Thompson,
9 S.W.3d at 814.  When determining the validity of an ineffective assistance of
counsel claim, any judicial review must be highly deferential to trial counsel
and avoid the deleterious effects of hindsight.  Ingham v. State, 679
S.W.2d 503, 509 (Tex. Crim. App. 1984).  When the record is silent as to the
reasons for counsel=s conduct, a finding that counsel was
ineffective would normally require impermissible speculation by the appellate
court. Stults, 23 S.W.3d at 208. Absent specific explanations for
counsel=s decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective assistance claim.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).  This means an appellate court ordinarily should not
declare trial counsel ineffective where there is no record showing counsel had
an opportunity to explain himself.  Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005).  If a criminal defendant can prove trial counsel=s performance was
deficient, he must still affirmatively prove he was prejudiced by counsel=s actions.  Thompson,
9 S.W.3d at 812.  This requires the defendant to demonstrate a reasonable
probability that the result of the proceeding would have been different if
trial counsel had acted professionally.  Id.  A reasonable probability
is a probability sufficient to undermine confidence in the outcome.  Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

C.      Appellant
Did Not Establish By A Preponderance Of The Evidence That He Was Totally
Deprived of Trial Counsel

Appellant initially contends he was totally deprived of
counsel during a critical stage of the trial when, according to appellant, the
trial judge instructed appellant to refrain from speaking to his counsel.  A
review of the reporter=s record from the May 20, 2002 proceedings
reveals this claim is without merit.  Instead, the record reveals the trial
court never instructed appellant not to talk to his lawyer, but only told
appellant to let his lawyer represent him and to talk to the court through his
lawyer.[1]








D.      Appellant
Did Not Establish By A Preponderance Of The Evidence That His Trial Counsel=s Performance Was
Deficient

Appellant also contends he received ineffective assistance
of counsel because appellant=s trial counsel failed to adequately
investigate his case.  Specifically, appellant claims his trial counsel failed
to speak to credible witnesses who possessed knowledge relevant to the case. 
In support of this argument, appellant attached the affidavit of Debra King. 
In her affidavit, Ms. King stated: AI was subpoenaed
by Woodrow W. Miller to be a witness for him at his trial on his case with [G.
H.].  Mr. Kirby Taylor, who is [sic] Mr. Miller=s lawyer, never
called me or write [sic] me or in any way contact [sic] me to discuss the case.@  Later in her
affidavit, she stated: AMr. Miller did discuss the case with me
often and indicated strongly he wanted me to come to trial and testify on his
behalf.@[2]








A criminal defense lawyer has a duty to make an independent
investigation of the facts of a case, which includes seeking out and
interviewing potential witnesses.  Ex parte Welborn, 785 S.W.2d 391, 393
(Tex. Crim. App. 1990).  A breach of the duty to investigate may result in a
finding of ineffective assistance Awhere the result
is that any viable defense available to the accused is not advanced.@  Ex parte
Ybarra, 629 S.W.2d 943, 946 (Tex. Crim. App. 1982).  In defining the duty
to investigate, the United States Supreme Court has stated that Acounsel has a duty
to make reasonable investigations or to make a reasonable decision that makes
particular investigations unnecessary.  In any ineffectiveness case, a
particular decision not to investigate must be directly assessed for
reasonableness in all the circumstances, applying a heavy measure of deference
to counsel=s judgments.@  Strickland,
466 U.S. at 691, 104 S. Ct. at 2066.

Here, the record is silent as to appellant=s trial counsel=s reason for not
directly contacting Ms. King.  However, the record does reveal appellant=s trial counsel
learned enough about Ms. King to decide to subpoena her to testify at appellant=s trial.  Applying
a heavy measure of deference to appellant=s trial counsel=s decision not to
directly contact Ms. King, we hold the record demonstrates his decision to not
do so was reasonable under the circumstances.  Therefore, appellant has not
established by a preponderance of the evidence that his trial counsel=s performance was
deficient.

Based on our review of the record as a whole, we hold
appellant has failed to show by a preponderance of the evidence he received
ineffective assistance of counsel.  We overrule appellant=s sixth issue on
appeal.

Conclusion

Having overruled each of appellant=s issues on appeal, we hold the
trial court did not abuse its discretion when it denied appellant=s application for writ of habeas
corpus.  Accordingly, we affirm the trial court=s order denying appellant relief on his application
for writ of habeas corpus.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 22, 2008.

Panel consists of
Chief Justice Hedges, and Justices Anderson and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The trial judge=s
actual comments to appellant consisted of the following:

 

Mr. Miller, let me - - I don=t know ya=ll
because I=m just here this week.  I see you=re taking a very active role there with your lawyer at
this time in the absence of the jury.  I don=t
know how active a role you intend to take in front of the jury; but when I see
someone that is as active as you are, it causes me some concern.

 

You want to talk to me or not through your lawyer?

 

* * *

You have a
competent lawyer to represent you.  I will not -- you know, a person has a
right to represent himself if he so desires after hearing and all; but when you
have a lawyer, you let your lawyer represent you.  You don=t represent yourself.  You understand? 





[2]  The State contends appellant did not preserve this
argument of ineffective assistance of counsel for appellate review.  According
to the State, appellant did not allege this contention in his habeas corpus
application or otherwise bring it to the trial court=s attention.  We disagree.  In his habeas corpus
application, appellant alleged lack of pretrial preparation by his defense
counsel and attached Ms. King=s affidavit as
an exhibit.  In the table of contents for his exhibit appendix appellant
stated: AAffidavit of Debra L. Smith stating Kirby Taylor never
attempted to contact her to discuss the case whereas she would have testified
that [appellant] had dropped [G. H.] there to spend the weekend, and that [G.
H.] was her usual self.@  This was sufficient to apprise the trial court of
appellant=s contention he received ineffective assistance of
counsel due to lack of pre-trial investigation or preparation.