**Ex Parte Barryon TOWNSEND.**

No. 74,764.

Court of Criminal Appeals of Texas.

June 16, 2004.

Barryon Townsend, pro se.

Joe C. Lockhart, Asst. DA, Corpus Christi, Matthew Paul, State's Atty., Austin, for State.

*OPINION*

PRICE, J., delivered the opinion of the Court, in which KELLER, P.J., and WOMACK, KEASLER, HERVEY, and COCHRAN, JJ., joined.

This is a post-conviction application for a writ of habeas corpus before this Court pursuant to Texas Code of Criminal Procedure Article 11.07.

In 1990, the applicant pleaded guilty to possession of cocaine,[1] was convicted, and was sentenced to 10 years imprisonment. He was sent to the Texas Department of Criminal Justice's Special Alternative Incarceration Program (Boot Camp). By May 6, 1991, the applicant had successfully completed Boot Camp, the trial court suspended his sentence, and placed the applicant on probation for the remainder of his term. On July 19, 1991, the State filed a motion to revoke probation alleging that the applicant had violated the conditions of his probation. On February 14, 1992, the applicant was found guilty of murder [2] and was sentenced to sixty years' imprisonment. On the same day, the trial court revoked the applicant's probation and imposed a sentence of ten years' imprisonment. The trial court included a cumulation order in the judgment revoking probation whereby the ten-year sentence for possession of cocaine was stacked on the sixty-year murder sentence.

The applicant seeks relief; he alleges that the stacking order was improper because he had already begun his sentence by attending Boot Camp. We deny relief in this case because we conclude that the applicant forfeited his constitutional claim by failing to raise the issue on appeal.

We have said that Article 42.08 of the Texas Code of Criminal Procedure gives the trial court the discretion to cumulate a

---

1. Tex. Health & Safety Code § 481.115.

2. Tex. Pen.Code § 19.02.

sentence with prior outstanding sentences if the later sentence is imposed for the first time following the revocation of probation.[3] However, if the applicant has already served a portion of his sentence before the sentence is suspended or probated, then a cumulation order may not be entered to stack the probated sentence on a subsequent sentence because such would violate the constitutional protection against being twice punished for the same offense.[4]

This Court directly addressed this issue twelve years ago in *Ex parte Barley*. In *Barley*, we held that a cumulation order may not be entered, not only in cases where a defendant has begun to serve his sentence or in cases where shock probation is revoked, but also in cases where a defendant is sentenced to Boot Camp and is subsequently released on probation.[5] We held that the execution of the sentence for both offenses commenced when the defendant was sent to Boot Camp.[6] Barley had already begun serving time in both concurrent sentences. By later stacking the sentences, the trial court had interrupted one of the sentences to have Barley begin serving another. Consequently, cumulating the sentences in *Barley* violated his consti-

tutional protection against being punished twice for the same offense.[7]

■ Under *Barley*, a trial court is without authority to stack a prior sentence that an applicant has already begun to serve in Boot Camp on the end of a subsequent sentence. However, we overrule *Barley* to the extent that it stands for the proposition that an applicant can raise this claim for the first time in an application for a writ of habeas corpus.

■ "The Great Writ should not be used in matters that should have been raised on appeal."[8] Even a constitutional claim is forfeited if the applicant had the opportunity to raise the issue on appeal.[9] This is because the writ of habeas corpus is an extraordinary remedy that is available only when there is no other adequate remedy at law.[10]

There was nothing to prevent the applicant from raising this claim on direct appeal. He had an adequate remedy at law. Because the applicant did not raise the issue on direct appeal, the applicant has forfeited his claim.

We reaffirm today that when a defendant has an adequate remedy at law, the merits of his claim may not be reviewed on

3. See *Pettigrew v. State*, 48 S.W.3d 769, 771 (Tex.Crim.App.2001) (citing *Ex Parte March*, 423 S.W.2d 916 (Tex.Crim.App.1968)).

4. See *Ex parte Barley*, 842 S.W.2d 694, 695 (Tex.Crim.App.1992) (citing *Ex parte Reynolds*, 462 S.W.2d 605 (Tex.Crim.App.1970)).

5. See *ibid*. (citing *Reynolds*, 462 S.W.2d 605; *O'Hara v. State*, 626 S.W.2d 32 (Tex.Crim.App.1981)).

6. See *ibid*.

7. *Ibid*. (citing *Reynolds*, 462 S.W.2d 605).

8. *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex.Crim.App.1989).

9. *Ex parte Gardner*, 959 S.W.2d 189, 191 (Tex.Crim.App.1996). Although *Gardner* was a

plurality opinion, it is by no means the only case in which we have held that, if a defendant could have raised a claim on direct appeal, he may not raise the claim in habeas proceedings. In *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex.Crim.App.1978), a unanimous opinion, we said, "Habeas corpus is an extraordinary remedy; and, ordinarily, neither a trial court nor this Court, either in the exercise of our original or appellate jurisdiction, should entertain an application for writ of habeas corpus where there is an adequate remedy at law." See also *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex.Crim.App.1994).

10. *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex.Crim.App.1994).

an application for a writ of habeas corpus. To the extent that *Barley* holds that an improper stacking order claim may be brought for the first time in an application for a writ of habeas corpus, it is overruled.

█ We should not overrule precedent lightly, but *Barley* itself was in conflict with well established precedent. When conducting a reexamination of precedent, "we should take into account the interests underlying the rule of stare decisis: Often it is better to be consistent than right."[11] Those interests have much less force, however, when the precedent itself fails to produce consistency.[12] When older precedent conflicts with a newer decision that is found to be more soundly reasoned, we may resolve the inconsistency in favor of the more soundly reasoned decision.

We reaffirm our decisions holding that, when a defendant has an adequate remedy at law for his claim, he may not raise the claim in an application for a writ of habeas corpus.

Relief is denied.

HOLCOMB, J., concurs in the judgment.

MEYERS, J., filed a dissenting opinion, in which JOHNSON, J., joined.

MEYERS, J., dissenting, joined by JOHNSON, J.

I disagree with the majority that the applicant forfeited his constitutional claim by failing to raise the issue on direct appeal and I feel that the applicant is entitled to relief. The majority relies on *Ex Parte Gardner,* 959 S.W.2d 189 (Tex.Crim. App.1996), and holds that the applicant forfeited his claim by failing to raise the issue on appeal. However, *Gardner* was a plurality opinion which involved use or abuse of the writ to delay execution, a totally different use of the writ than the one before us today. The habeas relief sought in *Gardner* relates to the penalty phase and the sentence of death. The applicant in that case alleged that his 5th Amendment rights were violated because he was not informed that statements he made during a psychiatric evaluation could be used against him in the punishment phase of his trial to determine whether he would be sentenced to death. Although the case upon which he was relying, *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), was decided the same year as his trial,

> he waited nine years after Estelle v. Smith was decided before first asserting an Estelle v. Smith claim in his second writ application in June 1990. He made no attempt to raise the claim while his direct appeal was pending in this Court even though Estelle had been decided for six years when this Court finally disposed of applicant's direct appeal. Applicant also failed to raise the claim in April 1989 when he filed his first writ application. And, after this Court disposed of applicant's second writ application in March 1992, applicant waited over two years to reassert the claim in this writ application.
>
> Under these circumstances, we hold applicant waived any right he may have had to complain in this proceeding about an Estelle v. Smith violation at his 1981 trial.

*Ex Parte Gardner,* 959 S.W.2d at 191. In contrast, here the sentence that is the issue with the stacking order is the one for possession of cocaine. This is the first writ filed in this case and there was no

---

**11.** *Malik v. State,* 953 S.W.2d 234, 236 (Tex. Crim.App.1997).

**12.** *Ibid.*

appeal from this conviction, thus the situation in *Gardner* is distinguishable. Townsend is not using the writ in an attempt to delay his sentence, rather he is simply asking that the improper cumulation order be deleted so that he is not subject to multiple punishments for the same offense. Because this is not a situation that is in any way similar to *Gardner*, applicant is entitled to raise this issue for the first time in an application for a writ of habeas corpus.

The majority's holding will require an appeal in all cases in order for applicants to get habeas relief to which they are entitled.[1] This seems unreasonable considering the lengthy process required for an appeal compared to the more expedited and efficient procedure for habeas corpus relief. Requirements for an appeal include: appointment of an attorney, notice of appeal, trial court's certification of the defendant's right to appeal, the reporter's record and the clerk's record (which, under Texas Rules of Appellate Procedure Rule 34.5 must include: the indictment or information, any special plea or defense motion that was presented to the court and overruled, any written waiver, any written stipulation, and in cases in which a plea of guilty or nolo contendere has been entered, any documents executed for the plea; the court's docket sheet; the court's charge and the jury's verdict, or the court's findings of fact and conclusions of law; the court's judgment or other order that is being appealed; any request for findings of fact and conclusions of law, any post-judgment motion, and the court's order on the motion; the notice of appeal; any formal bill of exception; any request for a reporter's record, including any statement of points or issues under Rule 34.6(c); any request for preparation of the clerk's record; and any filing that a party designates to have included in the record.) The legislature provided both the writ of habeas corpus and direct appeal as avenues for relief. This Court should not usurp the power of the legislature by saying that you can only use one remedy after you have exhausted the other. Additionally, I find it ironic that the majority would rule this way when this Court consistently dismisses ineffective assistance of counsel claims on direct appeal by stating that such issues are better addressed by a writ of habeas corpus.

I feel that instead of concluding that applicant's claim was forfeited, we should consider the merits and follow our decision in Ex parte *Barley*, 842 S.W.2d 694, 695 (Tex.Crim.App.1992), stating that "a cumulation order may not be entered once the defendant has begun to serve his sentence because such would violate the constitutional protection against being twice punished for the same offense .... newly imposed sentences may not be cumulated because the defendant has already served a portion of his sentence before having the execution of the sentence suspended."

Because I disagree with the majority's decisions to overrule *Barley* and deny relief in this case, I respectfully dissent.

---

1. Exclusive of a change in the law or a change in the facts of a case due to recantation or newly discovered exculpatory evidence giving rise to a claim of actual innocence, I cannot think of any situation where an applicant could apply for a writ of habeas corpus without first raising the issue on appeal. Therefore, this court should no longer entertain writs which raise issues other than these.