IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,824






EX PARTE ALAN LYNN RICHARDSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


IN CAUSE NO. 25177 FROM THE 13
TH DISTRICT COURT 


NAVARRO COUNTY






 Keller, P.J., delivered the opinion of the Court in which MEYERS, WOMACK,

KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. JOHNSON, J., filed
a concurring opinion. PRICE, J., dissents. 


 Applicant asks us to overturn his probation revocation because the judge who presided over
the revocation proceeding was the prosecutor in the original prosecution. The question is whether
he may obtain relief on this claim by way of postconviction habeas corpus - even though applicant
had this information before pleading true and he chose not to complain. We hold that he may not.

 Applicant was originally sentenced to confinement for eight years, but imposition of sentence
was suspended and he was placed on probation. The State later filed a motion to revoke probation. 
Pursuant to an agreement between the parties, applicant pled true and was sentenced to seven years
in prison. The judge presiding over the revocation proceedings was the prosecutor in the original
prosecution. Before the plea, applicant was aware of this fact and of the possibility of having the
judge recused, but he instructed counsel that he wished to proceed with the informal plea agreement. 
In this application for writ of habeas corpus, he complains that the trial judge was disqualified from
hearing the revocation proceedings because he was the prosecutor in the original criminal
proceedings from which applicant's probation arose. 

 Tex. Const., Art. V, § 11 provides, "No judge shall sit in any case...when the judge shall have
been counsel in the case." Tex. Code Crim. Proc., Art. 30.01 provides, "No judge...shall sit in any
case...where he has been counsel for the State or the accused." In Ex parte Miller, we held that the
proceeding imposing probation and the proceeding revoking probation were the same case for the
purpose of these provisions, and that a judge was statutorily and constitutionally disqualified from
presiding over a revocation hearing if he had prosecuted the original action. (1) Miller further held that
this defect could not be forfeited or waived, it rendered the judgment void, and it could be raised at
any time, including for the first time on habeas corpus. (2)

 In the twenty-one years since Miller was decided, our habeas corpus jurisprudence has taken
a path that prompts us now to re-examine that holding. One rationale for finding a judicial act to be
void, and therefore possibly cognizable on habeas, would be lack of jurisdiction. In Davis v. State,
we clarified that a judge's lack of authority to preside over the proceedings is not the same as a lack
of jurisdiction. (3) Davis nevertheless suggested, in dicta, that a lack of authority due to a judge's
"relationship to the case or a party" rendered the judge's actions "a nullity." (4) But whether the
judge's lack of authority necessarily renders his actions a nullity that is correctable on habeas corpus
is an issue ripe for re-examination.

 In two relatively recent decisions, we have held that habeas corpus did not lie for challenges
to a judge's lack of authority to do certain acts when the party could have raised the issue earlier, at
trial or on direct appeal. Ex parte Townsend held that a defendant could not obtain relief on habeas
corpus on a claim that the judge was without authority to stack his sentences. (5) In doing so, we
overruled a prior habeas case that had granted relief on such a claim. (6) In Ex parte Pena, we held that
a defendant could not raise for the first time on habeas a trial court's improper imposition of a
$10,000 fine that was not authorized because the jury did not impose it. (7) Significantly, we stated that
even if the defendant had alleged "a constitutional or jurisdictional defect, he would not be entitled
to habeas corpus relief because he could have, and should have, complained about the fine at the
time it was imposed or on direct appeal." (8)

 It is true that the present case can be factually distinguished from these cases. We are not
dealing here with an unauthorized order issued in the course of judicial proceedings but with the lack
of authority to preside over the proceedings themselves. Nevertheless, the trend of this Court has
been to draw stricter boundaries regarding what claims may be advanced on habeas. We have often
stated that "the Great Writ should not be used" to litigate matters "which should have been raised
on appeal" (9) or at trial, (10) and while we have not always consistently followed this maxim in the past,
in recent years we have more closely adhered to it. 

 In this case, applicant was aware at trial that the trial judge was subject to disqualification,
but he instructed counsel to proceed with the plea anyway. The issue could have been raised at trial
by objection or motion to recuse. If rejected there, it could have been raised on direct appeal. In line
with our opinions in Townsend and Pena, we find that applicant's claim may not now be considered
on habeas corpus. To the extent Miller and cases following it held to the contrary, they are
overruled. We deny relief. 

 Keller, P.J.

Date delivered: September 13, 2006

Publish
1. 696 S.W.2d 908, 910 (Tex. Crim. App. 1985).
2. Id.
3. 956 S.W.2d 555, 557-559 (Tex. Crim. App. 1997).
4. Id. at 559.
5. 137 S.W.3d 79, 81-82 (Tex. Crim. App. 2004).
6. Id.
7. 71 S.W.3d 336 (Tex. Crim. App. 2002).
8. Id. at 338.
9. See Townsend, 137 S.W.3d at 81.
10. Ex parte Boyd, 58 S.W.3d 134, 136 (Tex. Crim. App. 2001); see also Ex parte Bagley,
509 S.W.2d 332, 334 (Tex. Crim. App. 1974); Pena, 71 S.W.3d at 338 n. 7 (citing Bagley and
Boyd).