COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS









EX PARTE: MARK WARREN
SANDERS

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00074-CR

Appeal from the 

210th Judicial District Court

of El Paso County, Texas

(TC# 20040D03986)
 







O P I N I O N 

            Mark Warren Sanders appeals the trial court’s denial of his application for a writ of
habeas corpus. He was charged by indictment with the offense of improper photography and
visual recording. See Tex.Pen.Code Ann. § 21.15 (Vernon Supp. 2006). Pursuant to a plea
agreement, Appellant entered a plea of guilty. The trial court admonished Appellant as to the
consequences of his plea and of the punishment range, accepted Appellant’s guilty plea, and
found the evidence sufficient for a finding of guilt. The trial court deferred a finding of guilt and
placed Appellant on deferred adjudication for 6 years and imposed a $2,000 fine.
            On January 6, 2005, Appellant filed his application for a writ of habeas corpus, in which
he argued Section 21.15 of the Texas Penal Code was unconstitutional and therefore his guilty
plea was involuntary because the trial court had subsequently declared that statute
unconstitutional in an unrelated proceeding. On the same day of the hearing, Appellant also filed
a motion to quash the indictment. At the hearing on Appellant’s writ application, the trial court
took judicial notice of its ruling in State of Texas v. Israel Calvo, Cause No. 20040D04118, in
which the court granted the defendant’s motion to quash the indictment on grounds that Penal
Code section 21.15 was unconstitutional.


 Appellant argued that he was being held under an
unconstitutional statute, which was vague and overbroad and violated his First Amendment right
to free speech and Ninth Amendment right to privacy. In response, the State argued that
Appellant was procedurally barred from raising his constitutional challenge by failing to timely
file a direct appeal and by failing to file a motion to quash the indictment before he had entered
his guilty plea. In addition, the State argued that the trial court was not bound by it prior ruling in
another case, and regardless, if the statute was unconstitutional, this fact would not affect the
voluntariness of the plea. After conducting the hearing, the trial court denied the writ
application.
            In his first issue on appeal, Appellant contends that Texas Penal Code § 21.15 is
unconstitutional on its face and as applied to him because it is overbroad and vague. Appellant
did not raise this issue on direct appeal and did not challenge the indictment on constitutional
grounds prior to entry of his guilty plea or the deferred proceedings.
            A writ of habeas corpus is an extraordinary writ. Ex parte Weise, 55 S.W.3d 617, 619
(Tex.Crim.App. 2001). When an applicant has an adequate remedy at law, the merits of his
claim may not be reviewed on an application for writ of habeas corpus. Ex parte Townsend, 137
S.W.3d 79, 81-2 (Tex.Crim.App. 2004). Even a constitutional claim is forfeited if the applicant
had the opportunity to raise the issue on appeal. Id. at 81.
            In this case, Appellant pled guilty and received six years of deferred adjudication. 
Appellant did not file a direct appeal to challenge the constitutionality of Section 21.15, but
instead filed a motion for new trial and then an application for a writ of habeas corpus. Because
Appellant had an adequate remedy at law by direct appeal, his constitutional claim is not
cognizable by an application for a writ of habeas corpus. Issue One is overruled.
            In his second issue, Appellant contends the evidence was insufficient to find him guilty. 
A defendant placed on deferred adjudication may raise issues relating to the original plea
proceedings, such as evidentiary sufficiency, only in appeals taken when deferred adjudication
community supervision is first imposed. See Manuel v. State, 994 S.W.2d 658, 661-62
(Tex.Crim.App. 1999). Appellant should have raised the issue of the voluntariness of his plea by
a timely appeal following the original plea proceeding. Moreover, when his guilty plea was
entered, Appellant made a judicial confession of his guilt to the trial court, which constitutes
some evidence to substantiate Appellant’s guilt. See Tex.Code Crim.Proc.Ann. art. 1.15
(Vernon 2005); Nix v. State, 65 S.W.3d 664, 668 n.14 (Tex.Crim.App. 2001). Therefore the
original judgment is not void. See Nix, 65 S.W.3d at 667 (recognizing the “void judgment”
exception where the record reflects there is no evidence to support the conviction). 
Consequently, this Court lacks jurisdiction to address Appellant’s complaint on appeal. Issue
Two is overruled.
            We affirm the trial court’s order denying habeas corpus relief.

                                                                        
December 14, 2006
                                                                        DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)