IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,159-01






EX PARTE CODY ALEXANDER GONZALES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-50286-01-A IN THE 47TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use of a motor
vehicle and sentenced to two years in a state jail consecutive to another state jail sentence. He did not
appeal his conviction.

 Applicant contends that his plea was involuntary and his trial counsel rendered ineffective assistance
because counsel told him he was facing a maximum of two years confinement if he pled guilty to two
charges of unauthorized use of a motor vehicle, and then did not object or appeal when the court ordered
this sentence to be consecutive to the other. On a previous remand the trial court entered findings of fact
that the stacking order in this cause violated PenalCode § 3.03, and recommend that relief be granted
because this sentence should have expired last year. However, an inmate may not challenge the validity
of a stacking order pursuant to Article 11.07 if he had a right to appeal and did not appeal. Ex parte
Townsend, 137 S.W.3d 79 (Tex. Crim. App. 2004).

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to what Applicant's trial attorney advised him about
the possibility of receiving consecutive sentences and why counsel did not object to the stacking order or
appeal the entry of that order. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 60 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
90 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: August 22, 2007

Do not publish