IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-9,425-23






EX PARTE DONNY JOEL HARVEY, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 14,130

IN THE 23RD DISTRICT COURT FROM BRAZORIA COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of escape and
sentenced to four years' imprisonment to be served consecutively to a sentence already being served. 

 On November 19, 2008, this Court remanded these applications to the trial court for findings
of fact and conclusions of law. On June 11, 2009, the trial court made findings of fact and
conclusions of law. The trial court recommended that relief be granted.

 The trial court made findings that the cumulation order should not have been entered in this
case and that Applicant should have been appointed counsel to assist in the parole revocation
hearing. Applicant's grounds for relief do not challenge the cumulation order. Furthermore, a claim
regarding an improper stacking order should have been raised on direct appeal and as such is not
cognizable on a writ of habeas corpus. Ex Parte Townsend, 137 S.W.3d 79 (Tex. Crim. App. 2004). 
Also, Applicant has filed seven previous 11.07 applications in this cause. There is no showing that
the cumulation issue could not have been presented in a previous application. 

 Applicant alleged that the parole revocation officer improperly denied him an appointed
attorney. A parolee may be entitled to counsel at a revocation hearing if a parolee may have
difficulty in presenting his version of a disputed set of facts or when the facts or mitigating
circumstances are so complex that they can fairly be presented only by a trained advocate. Ex Parte
Taylor, 957 S.W.2d 43, 47 (Tex. Crim. App. 1997). Applicant fails to show that he could not or did
not present his mitigation circumstances to the parole revocation hearing officer. Applicant fails to
show that the issues he had to present were so complex that they could not be presented only by a
trained advocate. 

 Based on this Court's independent review of the record, we deny relief.


Filed: August 19, 2009

Do not publish