



## MEMORANDUM OPINION

No. 04-10-00805-CV

**EX PARTE A.M.**, a Juvenile

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-JUV-02514
Honorable Carmen Kelsey, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   August 17, 2011

AFFIRMED

A.M., a juvenile, appeals from the trial court's denial of his post-adjudication petition for habeas corpus relief. *See* TEX. CONST. art. V, § 8. We affirm the trial court's order.

## ANALYSIS

On March 31, 2006, A.M. was adjudicated as having engaged in delinquent conduct by committing an aggravated sexual assault of his four-year-old niece. Following a disposition hearing, the court sentenced A.M. to a determinate sentence of forty years, committing him to the Texas Youth Commission until the age of 18 with a possible transfer to the Texas Department of Criminal Justice. *See* TEX. FAM. CODE ANN. §§ 54.04(d)(3), 54.11 (West Supp. 2010). A.M. appealed, asserting that the trial court erred in refusing to conduct an evidentiary

hearing on his motion for new trial, and that his trial counsel rendered ineffective assistance by (i) failing to object to admission of the outcry testimony based on lack of notice, (ii) failing to cross-examine the outcry witness at the outcry hearing, (iii) failing to call Catherine Cordova as a witness, and (iv) opening the door to extraneous offense evidence. On August 22, 2007, we issued a memorandum opinion affirming the trial court's judgment. *See In re A.M.*, No. 04-06-00483-CV, 2007 WL 2376077 (Tex. App.—San Antonio Aug. 22, 2007, no pet.) (mem. op.). Thereafter, on June 17, 2010, A.M. filed a post-adjudication petition for writ of habeas corpus raising multiple grounds. A.M. attached copies of affidavits, excerpts of the trial transcript, and other exhibits to his pro se habeas petition. Without a hearing, on August 19, 2010 the trial court denied the petition in a written order containing its findings of fact and conclusions of law. A.M. now appeals the denial of habeas corpus relief.

As an initial matter, A.M. contends he was entitled to appointed counsel to represent him on the habeas petition. A.M. cites no authority in support. Section 51.10(a)(7) of the Juvenile Justice Code provides, "[a] child may be represented by an attorney at every stage of proceedings under this title, including . . . habeas corpus proceedings challenging the legality of detention resulting from action under this title . . . ." TEX. FAM. CODE ANN. § 51.10(a)(7) (West 2008). However, an indigent juvenile offender does not have the right to appointed counsel in a habeas corpus proceeding instituted after adjudication and commitment. *See In re Hall*, 286 S.W.3d 925, 928-30 (Tex. 2009) (interpreting section 51.10(a)(7) as providing a right to counsel in a habeas corpus proceeding only if it challenges the legality of a juvenile's pre-adjudication confinement, i.e., detention, under the Juvenile Justice Code, not the juvenile's commitment after an adjudication). Here, A.M. is not challenging the legality of his detention, but rather the

legality of his commitment after an adjudication of delinquency; therefore, he is not entitled to appointed counsel in the habeas proceeding. *Id.* at 929-30.

Turning to the merits of A.M.'s habeas claims, he asserts that his restraint is illegal because: (1) his forty-year determinate sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, § 10 of the Texas Constitution; (2) he received ineffective assistance of counsel at trial and on appeal; (3) the State engaged in several instances of prosecutorial misconduct at trial; and (4) the trial court abused its discretion on nine occasions. A.M. asserts the cumulative effect of these errors deprived him of a fair trial, due process, and equal protection as guaranteed by the federal and state constitutions. We must affirm a trial court's decision on an application for writ of habeas corpus absent a clear abuse of discretion. *In re M.P.A.*, No. 03-08-00337-CV, 2010 WL 2789649, at *5 (Tex. App.—Austin July 14, 2010, pet. filed) (mem. op.) (appellate court views evidence in light most favorable to trial court's ruling, deferring to court's determination of historical facts supported by record and application of law to facts to extent it turns on credibility, but reviewing purely legal issues de novo).

The State contends that most of A.M.'s present claims are barred because they either were, or should have been, raised on direct appeal. We agree. As an extraordinary remedy, the writ of habeas corpus may not be used to raise matters that should have been raised on direct appeal. *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004); *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989). Even a constitutional claim may be forfeited if the claim could have been raised on direct appeal. *Ex parte Townsend*, 137 S.W.3d at 81; *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994) (habeas remedy is available only when there is no other adequate remedy at law). With respect to A.M.'s claims of prosecutorial

misconduct[1] and erroneous rulings by the trial court,[2] these claims are based on the trial record and were thus available to be raised by A.M. in his appeal. Because they could have been, but were not, raised and resolved in A.M.'s direct appeal, they may not be raised through a subsequent petition for habeas corpus relief. Similarly, A.M.'s constitutional claim that his forty-year determinate sentence amounts to cruel and unusual punishment could have been, but was not, raised in the trial court and on appeal, and has thus been forfeited. *Ex parte Townsend*, 137 S.W.3d at 81. Moreover, the forty-year determinate sentence is not cruel and unusual because it falls within the statutory range of punishment and there is nothing to show that the prosecuting attorney did not follow the procedures set by the Family Code. *See* TEX. FAM. CODE ANN. § 54.04(d)(3); *Id.* § 53.045 (West 2008); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

As to A.M.'s claims of ineffective assistance, he alleges twenty-one acts and omissions by his trial counsel that he asserts constitute ineffective assistance. Of these, four were addressed on their merits and rejected in the direct appeal. *See In re A.M.*, 2007 WL 2376077, at *3-6. As to the other seventeen allegations of ineffective assistance, they consist of alleged errors by trial counsel such as failure to investigate, subpoena witnesses and documents, object to the admission of evidence and the prosecutor's misconduct, and request jury instructions, and other similar trial actions and omissions that were known to A.M. at the time of his direct appeal. Moreover, in his habeas proceeding A.M. has failed to meet his burden to prove that the alleged

---

[1] A.M. asserts the State engaged in prosecutorial misconduct by (i) failing to elect which provision of the Penal Code under which to proceed, (ii) leading a witness during rebuttal, (iii) the prosecutor testifying for the child victim during rebuttal, and (iv) requesting that A.M. be sentenced to forty years based on the prior acts of misconduct.

[2] A.M. contends the trial court abused its discretion by (i) failing to rule on his pre-trial motions, (ii) failing to give a limiting instruction under Rule 404, (iii) failing to require the State to meet its burden of proof as to each element of the offense, (iv) failing to grant his first and second motions to quash, (v) failing to grant his motion for an instructed verdict, (vi) imposing the forty-year sentence based on "stacking" of "a ten year sentence for each of the prior acts of misconduct," (vii) failing to charge the jury on each element the State had to prove, and (viii) failing to charge the jury on his defense theory of "lack of access to the victim."

acts or omissions constitute deficient performance which prejudiced his defense, in that there is a reasonable probability that, absent counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *In re R.D.B.*, 102 S.W.3d 798, 800 (Tex. App.—Fort Worth 2003, no pet.) (ineffective assistance claim in juvenile proceeding is reviewed under *Strickland* standard). An applicant for a writ of habeas corpus must provide a sufficient record that supports his factual allegations of ineffective assistance with proof by a preponderance of the evidence and overcomes the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Ex parte Chandler*, 182 S.W.3d 350, 353 n.2, 354 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). There is nothing in the record to show that A.M. requested an evidentiary hearing on his habeas petition in order to develop a record in support of his ineffective assistance claims, and it appears that no hearing was held during which trial counsel could explain the reasoning or strategy underlying her conduct. *See Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003) (a record that is silent as to counsel's strategy is generally not sufficiently developed to overcome the presumption of effective assistance as counsel should be afforded an opportunity to explain before being held ineffective). Viewing the totality of the representation by trial counsel, we are unable to conclude that counsel's performance fell below objective standards and that any errors were so serious that they deprived A.M. of a fair trial. *Strickland*, 466 U.S. at 687. Based on the record before us, A.M. has failed to meet his burden of proof to establish any of his ineffective assistance claims. Likewise, because we have determined that A.M. has failed to show his allegations of ineffective assistance by trial counsel have merit, his claim that appellate counsel was ineffective for failing to raise all these allegations of ineffective assistance in his appeal similarly fails.

Accordingly, based on the foregoing reasons, we hold the trial court's denial of A.M.'s request for habeas relief was not a clear abuse of discretion and we affirm the trial court's order.

Phylis J. Speedlin, Justice