IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,159-02






EX PARTE DERLIO TREVINO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 01-CR-239-A IN THE 381ST JUDICIAL DISTRICT COURT


FROM STARR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to failure to appear
and was sentenced to five years' imprisonment. The trial court ordered this sentence to run
consecutively with a ten-year sentence for attempted sexual assault of a child in another case.

 Applicant contends that the cumulation order in this case was improper, because the ten-year
sentence in the attempted sexual assault case was not pronounced or imposed until two days after
the sentence in this case with the cumulation order was pronounced. 

Applicant has alleged facts that, if true, might entitle him to relief. However, the habeas record
does not show whether Applicant's plea in this case was an open plea, or if it was entered pursuant
to a plea agreement. If Applicant entered an open plea in this case and did not expressly waive his
right to appeal, then his claim of improper cumulation of sentences could have been raised on direct
appeal. "The Great Writ should not be used in matters that should have been raised on appeal." 

Ex parte Townsend, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004).

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with copies of the plea papers, including
any written plea agreement if such an agreement existed. If Applicant signed a waiver of appeal in
this case, the trial court shall supplement the habeas record with a copy of such waiver. The trial
court shall make findings of fact as to whether Applicant plead guilty pursuant to a plea agreement,
or whether he entered an open plea in this case. The trial court shall make findings as to whether
Applicant had any right to appeal in this case, and if so, whether his current claim could have been
raised on direct appeal. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 2, 2011

Do not publish