IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-77,007






EX PARTE NANCY GAIL KNIGHT, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 53220-A FROM THE 


47TH DISTRICT COURT OF POTTER COUNTY





 Keasler, J., filed a concurring opinion.


O P I N I O N 


 

 I join the Court's opinion with the exception of Part II, and concur in the denial of
Nancy Knight's claim that no evidence supports the trial judge's cumulation order. 
However, I would resolve this claim on the grounds that Knight is unable to collaterally
attack the cumulation order in her application for a writ of habeas corpus.

 In Ex parte Townsend, we held that an applicant is unable to attack a cumulation order
for the first time in a post-conviction habeas corpus proceeding. (1) We so held because
Townsend had an adequate remedy at law, namely, a direct appeal which was the appropriate
avenue by which to seek the remedy sought. (2) Townsend pleaded guilty to possession of
cocaine and was placed on community supervision for ten years, which was subsequently
revoked after he was convicted of murder and sentenced to 60 years. (3) After revoking
Townsend's community supervision, the trial judge sentenced him to ten years' confinement
to run consecutively with his murder sentence. (4) Denying Townsend's application
challenging the trial judge's cumulation order, we held that, "There was nothing to prevent
[Townsend] from raising [his] claim on direct appeal. He had an adequate remedy at law. 
Because [Townsend] did not raise the issue on direct appeal, [he] has forfeited his claim." (5)

 In Knight's case, she did not simply forfeit her appellate rights through inaction. She
expressly waived them in her plea agreement with the State. The record further suggests that
Knight's agreement with the State contemplated the cumulation of the sentences or the fact
that the sentences would be cumulated was, at minimum, an understood condition of pleading
guilty pursuant a plea agreement. On December 17, 2007, Knight pleaded guilty to the
unlawful possession of a firearm by a felon. The State waived one of the two alleged
enhancements in the indictment reducing the punishment range to that of a second-degree
felony down from a first-degree felony as alleged. Knight pleaded true to the remaining
enhancement allegation. After the judge accepted Knight's guilty plea and found Knight
guilty, the plea colloquy continued as follows:

 THE COURT: And pursuant to that conviction and pursuant to the
enhancement paragraph and your plea agreement, I'm going to sentence
you to 15 years in prison, and that will be my sentence.

 

 I sentence you to 15 years in the Institutional Division and it will
run--what does that say? The State waives--oh, is this going to run
concurrent with the other [sentence]?

 

 [STATE]: By statute, Your Honor, it must run consecutive.

 

 THE COURT: It does?

 

 [STATE]: There was an affirmative finding in a drug-free zone in the prior
trial.

 

 THE COURT: Okay. Then it will be consecutive with that other sentence I
gave you.

 

 Are you sure of that?

 

 [STATE]: I am, Your Honor.

 

 THE COURT: Okay. I always ask now.

 

 [STATE]: I understand, Your Honor.

 

 THE COURT: All right. And this sentence will begin when the other sentence
that you were--you received in this court earlier this year is finished.

 

 At this time, I'm going to remand you back to the custody of the
Potter County Sheriff to begin this sentence. And you will receive
credit in this case for your jail time.


The trial judge gave Knight's counsel an opportunity to address the court and asked, "What
do you have, Mr. Abbott?" Counsel directed questions to Knight about his representation
of her in the present case and on appeal in the other cause. 

 From the record it appears that the cumulation of the sentences was an understood
circumstance or condition of the plea bargain. It is apparent that the trial judge was
following the plea agreement between the parties. Despite being given an opportunity to
address the court, Knight never objected to the State's assertion that the sentences must run
consecutively. Knight never objected or attempted to correct the trial judge's understanding
of the plea agreement when he orally pronounced that the sentences would run consecutively. 
Knight also failed to object or move for a new trial upon the judgment's entry. The record
strongly suggests that the plea agreement between Knight and the State contemplated the
cumulative sentencing. If this is in fact not an accurate description of the agreement, perhaps
Knight's claim on habeas should be one of ineffective assistance of counsel instead of one
alleging no evidence. 

 Even if the cumulation of the two sentences was not a known consequence of
entering the plea bargain, Knight's waiver of her appellate rights was an expressly bargained-for term of the parties' agreement that prohibits her from challenging the trial judge's
cumulation order for the first time on habeas. (6) Before pleading guilty pursuant to a plea
bargain with the State, Knight had the right to appeal--an adequate remedy at law for most
alleged errors. But like any defendant entering into a negotiated plea bargain, she gave up
a host of rights afforded her. Knight's plea negotiations with the State produced an
agreement in which she specifically relinquished her ability to appeal from the trial court's
judgment in consideration for the State's abandonment of one of the enhancement paragraphs
and agreement that she serve a fifteen-year term of confinement. She did so by executing a
document entitled "Defendant's Waiver of Appeal After Sentence Has Been Imposed In
Accordance with a Plea Agreement and Waiver of Appeal Pursuant to the Plea Bargain
Agreement." By her signature, Knight acknowledged that she "voluntarily, knowingly, and
intelligently [gave] up or [waived] [her] right to appeal" after "being fully aware of the
sentence imposed and of any errors that might have occurred in this cause, and after having
been fully informed by the Court of the right to appeal." 

 Unlike Townsend, who merely failed to assert his cumulation-order issue on direct
appeal, Knight voluntarily negotiated away her right to appeal. It is unclear to me why the
majority places Knight in a superior position than it placed Townsend. Why does the
voluntary waiver of appeal--the result of party negotiations--differ in terms of the
availability of an adequate remedy at law from mere inaction on appeal? As a practical
matter, it shouldn't. In Townsend's case, he had an adequate remedy at law, but failed to
assert it. In Knight's case, she voluntarily gave up her right to appeal for consideration from
the State. He forfeited his remedy in the appellate court. She waived her remedy in the trial
court. 

 Knight's deliberate waiver of an adequate remedy at law precludes a collateral attack
on the trial judge's cumulation order. Entertaining the merits of Knight's no-evidence claim
ignores Townsend and our refrain that "[t]he Great Writ should not be used in matters that
should have been raised on appeal." (7) 

 With these comments, I concur.


DELIVERED: June 26, 2013

PUBLISH 

 

 
1. 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). 
2. Id.
3. Id. at 80.
4. Id.
5. Id. at 81.
6. See id.
7. Ex parte Banks, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).