IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,972-02




EX PARTE JACOB BARRON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 06-6548-C IN THE 106TH DISTRICT COURT
FROM DAWSON COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to ten years’ imprisonment. He did not appeal his
conviction.
            This Court has twice remanded this writ application to Dawson County for, inter alia,
findings of fact and conclusions of law addressing Applicant’s claims of an illegal cumulation order
and ineffective assistance of counsel. The trial court has found that the cumulation order is improper,
but has not yet addressed Applicant’s claim that trial counsel rendered ineffective assistance because
he did not preserve Applicant’s right to appeal. The merits of the habeas corpus application cannot
be decided without findings of fact addressing both issues. Ex Parte Townsend, 137 S.W.3d 79 (Tex.
Crim. App. 2004). 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed.
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order counsel to respond to
Applicant’s claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d).
            It appears that Applicant is represented by counsel. If he is not represented and the trial court
elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied right to a meaningful appeal because Applicant’s counsel failed to timely file a notice
of appeal. Specifically, the trial court shall make findings as to whether counsel advised Applicant
concerning the meaning and effect of the judgment rendered by the court, his right to appeal from
that judgment, and the necessity of giving notice of appeal and taking other steps to pursue an appeal.
If the trial court finds that counsel fully advised Applicant of his appellate rights, the trial court shall
make findings as to whether Applicant informed counsel that he wanted to appeal. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, and the
indictment, judgment, and any plea papers from Cause No. 06-6547-C, shall be returned to this Court
within 120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


Filed: February 12, 2014
Do not publish