

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR–80,939–01, WR–80,939–02, WR–80,939–03

### EX PARTE ERIC REED MARASCIO, Applicant

### ON APPLICATIONS FOR WRIT OF HABEAS CORPUS
### CAUSE NOS. W380-80601-09-HC, W380-80602-09-HC, W380-80603-09-HC
### FROM COLLIN COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

The *per curiam* opinion indicates that we filed and set these applications to determine several issues associated with Applicant's double jeopardy claims. Because the *per curiam* opinion does not indicate on what basis we are denying relief, it is impossible to know what rationale or legal theory was applied in order to conclude that Applicant is not entitled to relief. It is curious to note that the concurring opinions go to great lengths to indicate that their vote was to procedurally default Applicant rather than to conduct any analysis of our double jeopardy jurisprudence.

In *Gonzalez v. State*, 8 S.W.3d 640 (Tex. Crim. App. 2000) this Court said that some double jeopardy claims may be cognizable in a writ of habeas corpus if certain conditions were met. We later stated that "when a defendant has an adequate remedy at law for his claim, he may not raise the claim in an application for a writ of habeas corpus." *See Ex Parte Townsend*, 137 S.W.3d 79, 82 (Tex. Crim. App. 2004). This Court has continued to restrict access to the writ of habeas corpus even though the legislature has been active in expanding the writ process. In the years since *Townsend* and *Gonzalez* came out, the legislature has enacted additional avenues for seeking relief in applications for writ of habeas corpus–including Code of Criminal Procedure Articles 11.072 and 11.073– making it abundantly clear that it wants to expand the writ process. Instead of following this directive, this Court's response has been to find any possible way to deny applicants relief. What defendant immediately knows at the close of his trial the available avenues for getting relief? I would guess very few, which is all the more reason we should allow them to raise issues later in a writ of habeas corpus. It is hard to figure out exactly what the Court's purpose is for trying to limit a defendant's access to relief because I can find no legitimate law or theory for it and it is blatantly contrary to the wishes of the legislature. Apparently the Court does not want to take the time to try to resolve writ questions. As I stated in my dissent in *Townsend*, "The legislature provided both the writ of habeas corpus and direct appeal as avenues for relief. This Court should not usurp the power of the legislature by saying that you can only use one remedy after

you have exhausted the other." 137 S.W.3d at 83.

It is embarrassing and almost tragic the lengths to which this Court will go to avoid having to analyze and decide pressing legal questions. Just within the last two weeks we stepped away from deciding an interesting eyewitness identification question involving the weapon-focus effect by posturing some kind of scenario where the defendant did not provide sufficient information to allow the trial court to determine that the expert's testimony was reliable, which was in essence totally uncalled for because the trial judge completely handled the admission process of the expert testimony. *See Blasdell v. State*, No. PD-0162-14, 2015 Tex. Crim. App. LEXIS 916 (September 16, 2015). And in *Jaganathan v. State*, No. PD-1189-14, 2015 Tex. Crim. App. LEXIS 920 (September 16, 2015), we also decided to not analyze a unique question of law regarding whether there is or is not criminal liability for venturing into a passing lane on a freeway. Along with the recent laches case *Ex parte Perez*, 445 S.W.3d 719 (Tex. Crim. App. 2014), this court seems to be indicating that it is truly not interested in dealing with pressing and important legal questions. I think those joining the *per curiam* opinion have walked away from an interesting and probably significant legal question. My evaluation of Applicant's claim is that it had merit and it is a shame that the *per curiam* opinion is not telling us on what legal or procedural basis relief is being denied. I therefore respectfully dissent.

Filed: October 7, 2015
Publish