

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NOS.
**WR-88,599-07**
**WR-88,599-08**
**WR-88,599-09**
**WR-88,599-10**
**WR-88,599-11**
**WR-88,599-12**

**EX PARTE DORAN WILBURN WALKER, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. F37351-G, F37351-H, F37351-I, F37351-J, F37351-K, AND F37351-L
IN THE 18TH DISTRICT COURT FROM JOHNSON COUNTY**

**Per Curiam. KEEL, J., concurs. WALKER, J., dissents. NEWELL, J., is not participating**.

**ORDER**

These are applications for writ of habeas corpus pursuant to Article 11.07.[1] Applicant was

convicted in five cases of sexual assault of a child and sentenced to fifteen years in each case. He

was also convicted in one case of indecency with a child, for which his sentence was five years.

---

[1] TEX. CODE CRIM. PROC. art. 11.07.

Stacking the sentences was an option for the trial court and, after consideration, he did stack them. The resulting sentence added up to sixty-five years instead of the fifteen year maximum that would have been imposed had the sentences not been stacked.

Applicant claims that the stacking order in this case is void because the trial court did not pronounce the stacking of the sentences when it pronounced the sentences in open court. The State agrees and also points out that Applicant was not present when the stacking order was signed. The parties thus agree that the stacking order should be set aside. We disagree. An attack on a stacking order is not cognizable on habeas corpus.[2] Even if the particular attack raised in this case were somehow cognizable, however, it would fail.

At the time the trial court pronounced sentence, it explicitly took the issue of stacking under advisement, to be decided a few days later in a written order: "I'm going to take some time to consider this. I'll take it under advisement and rule on it no later than Friday of next week and I'll let you know in writing of my decision." This means that the trial court's oral pronouncement of the sentences was not a complete disposition of the case.[3] That fact distinguishes this case from *Madding*, where the trial court purported to render a complete judgment during its oral pronouncement but later added a stacking provision in the written judgment.[4] Because the judge said he was reserving judgment on stacking, there was clearly no conflict between the oral

---

[2] *Ex parte Carter*, 521 S.W.3d 344 (Tex. Crim. App. 2017); *Ex parte Townsend*, 137 S.W.3d 79 (Tex. Crim. App. 2004).

[3] *See Bailey v. State*, 160 S.W.3d 11, 12, 13, 16 (Tex. Crim. App. 2004) (Case was not final and appealable after oral pronouncement of sentence and suspension of its imposition because the issue of restitution had been reserved for later determination.).

[4] *See Ex parte Madding*, 70 S.W.3d 131, 132-33 (Tex. Crim. App. 2002).

pronouncement and the written judgment in Applicant's case.[5]

Statute requires that sentence be pronounced in the defendant's presence,[6] at least absent a waiver,[7] and it is ordinarily true that "fairness to the defendant requires that his sentence be 'pronounced orally in his presence.'"[8] However, the parties were given the opportunity to argue the merits of stacking, and the defendant was given explicit notice that the trial court intended to make a final decision on stacking in a written order and did not object.[9] Under those circumstances, we do not perceive any unfairness or harm to the defendant.[10]

---

[5] *See Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) ("[W]hen there is a *conflict* between the oral pronouncement and the written judgment, the oral pronouncement controls.") (emphasis added).

[6] TEX. CODE CRIM. PROC. art. 42.03, § 1.

[7] *See id.* art. 42.14.

[8] *Burt*, 445 S.W.3d at 757.

[9] *See United States v. Gagnon*, 470 U.S. 522, 527-28 (1985) (indicating that a defendant's failure to object to a trial court's announcement that certain proceedings would be held outside the defendant's presence was tantamount to a waiver of the right to be present by the defendant).

[10] *See Ex parte Parrott*, 396 S.W.3d 531, 533 (Tex. Crim. App. 2013) (even when sentence is illegal, habeas applicant must show harm); *State v. Buckner*, 342 N.C. 198, 229-30, 464 S.E.2d 414, 432 (1995) ("When the sentences for the capital and noncapital offenses were imposed, the trial court did not indicate that the sentences would run consecutively. Upon request of the prosecutor, defense counsel was brought back into the courtroom; and the trial court noted for the record that the court intended that the sentences run consecutive to each other. The trial court asked if defense counsel had any problem with defendant not being present at this portion of the proceedings. Defense counsel indicated that he did not think it was necessary to have defendant present. The sentences as to the noncapital felonies had already been imposed; no evidence was presented during the time defendant was absent nor was any argument made beyond the State's request that the sentences run consecutively to which defense counsel interposed an objection. Assuming *arguendo* that defendant's federal and state constitutional rights were implicated in any of these situations, we conclude that any error was harmless beyond a reasonable doubt. . . . Finally, with regard to the clarification that the noncapital sentences would run consecutively, we note that as in *Huff*, at the time of the trial court's decision, defendant was emotionally distraught. Defendant had just been

We deny relief.


Delivered: February 6, 2019

Do Not Publish

---

sentenced to death; and his counsel told the court, I don't think he's [defendant's] in any shape to even really know what's going on in here right now. ").