In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00263-CR
_____

IN RE EDWARD CHARLES HOLLAND

Original Proceeding
Criminal District Court of Jefferson County, Texas
Trial Cause Nos. 91161, 83949, 88140

MEMORANDUM OPINION

On May 4, 2022, we denied Edward Charles Holland's petition for mandamus, a petition in which he asked that this Court order the trial court to vacate a cumulation order that relates to a judgment the trial court signed in 2004.[1] Holland then filed a subsequent petition seeking mandamus relief, claiming that he mailed a motion to vacate a void

---

[1]*See In re Holland*, No. 09-22-00129-CR, 2022 WL 1395319, at *2 (Tex. App.—Beaumont May 4, 2022, orig. proceeding) (mem. op., not designated for publication).

cumulation order to the trial court on June 8, 2022. We deny the subsequent petition.[2]

To obtain relief through a petition for mandamus in a criminal case, the relator must show that he does not have an adequate remedy by appeal and that he seeks to compel a ministerial act not involving a discretionary or judicial decision.[3] To establish the trial court abused its discretion in failing to rule on a motion, the relator must establish the trial court: (1) had a legal duty to perform a ministerial act, (2) was asked to perform the act, and (3) failed or refused to do so within a reasonable time.[4] A relator must support his mandamus petition with a record containing every document material to his claim for relief.[5]

Whether a reasonable period lapsed depends on the circumstances of the case, circumstances that include whether the trial court knew of the motion, whether the trial court overtly refused to act, the state of the court's docket, and whether there were other judicial and administrative

---

[2]*See* Tex. R. App. P. 52.8(a).

[3]*State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

[4]*In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

[5]*See* Tex. R. App. P. 52.7.

matters that must be addressed first.[6] Holland argues that we should deem the trial court denied the motion because the trial court failed to rule on the motion within a reasonable time. He neither provides documentation to support his claim that he properly filed the motion and brought it to the attention of the trial court, nor does he support his petition with authority that slightly more than two months is an unreasonable period of time for the successor judge to consider and rule on a request to issue a judgment nunc pro tunc.

Holland further argues that the cumulation order in the judgment signed in Trial Cause Number 91161 in 2004 by the predecessor judge of the Criminal District Court of Jefferson County is void because the trial court when orally pronouncing his sentence failed to state when the sentence is to begin or when it will cease to operate. Holland concedes he failed to object to the cumulation order when the trial court orally pronounced that his 30-year sentence would run consecutive to his sentences in Cause Number 83949 for the felony offense of burglary of a habitation out of the Criminal District Court dated February 2, 2002, and

---

[6]*In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding).

that it would also run consecutive to his conviction in Cause Number 88140 out of the Criminal District Court dated February 2, 2004. We resolved this issue against Holland when we ruled on his previous petition.[7]

Holland also argues the successor judge has a ministerial duty to vacate the cumulation order because the evidence at his trial failed to link Holland to the previous convictions. But claims alleging improper cumulation are forfeited unless they were preserved and then raised by the defendant in a direct appeal.[8]

Holland has not established he is entitled to relief on his petition. The petition for a writ of mandamus is denied.[9]

PETITION DENIED.

PER CURIAM

Submitted on August 23, 2022
Opinion Delivered August 24, 2022
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[7] *See In re Holland*, No. 09-22-00129-CR, 2022 WL 1395319, at *2 (Tex. App.—Beaumont May 4, 2022, orig. proceeding) (mem. op., not designated for publication).

[8] *See Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004).

[9] *See* Tex. R. App. P. 52.8(a).

4