**AFFIRMED and Opinion Filed December 21, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00203-CR

## EX PARTE KURNICUS HAYES

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX20-93394-T**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

Appellant challenges the trial court's denial of his writ of habeas corpus without a hearing.[1] *See* TEX. CODE CRIM. PROC. art. 11.072 § 3(a). We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

After the trial court granted a mistrial due to a deadlocked jury in the first trial, a second jury found appellant guilty but recommended suspending his sentence in favor of community supervision. The trial court followed that recommendation, suspended the five-year sentence, and placed appellant on ten years' community supervision on June 13, 2016. Appellant prosecuted a direct appeal to this Court, and

---

[1] In determining no hearing was required the trial court found that "Applicant is manifestly entitled to no relief and that his application is frivolous."

this Court affirmed the conviction. *See Hayes v. State*, No. 05-16-00740-CR, 2017 WL 5663612 (Tex. App.—Dallas Nov. 27, 2017, pet. ref'd) (mem. op., not designated for publication).[2] In the November 6, 2020, article 11.072 habeas proceeding that is the subject of this appeal, appellant raises three issues: double jeopardy, error to grant mistrial without first taking less drastic action, and error to grant mistrial because he never requested or consented to the mistrial.

A court may not grant relief pursuant to article 11.072 "if the applicant could obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate Procedure." TEX. CODE CRIM. PROC. art. 11.072, § 3(a). Habeas corpus is an extraordinary remedy, available only when there is no other adequate remedy at law, and even constitutional claims are forfeited if the applicant had the opportunity to raise the issue on appeal. *See Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004); *Ex parte Anwuzia*, No. 05-21-01083, 2022 WL 3273724, at *2 (Tex. App.—Dallas Aug. 11, 2022, no pet. h.) (mem. op., not designated for publication).

As noted, appellant prosecuted a direct appeal to this Court after conviction in the second trial. He raised three issues, none of which were double jeopardy, though that issue was indisputably ripe at the time. *See Hayes*, 2017 WL 5663612, at *1. Therefore, he forfeited the issue, and may not raise it in habeas proceedings.

---

[2] The facts and record on direct appeal are well known and therefore used herein only where necessary for analysis and determination of this extraordinary writ.

*See Townsend*, 137 S.W.3d at 81; *Anwuzia*, 2022 WL 3273724, at \*2. We overrule appellant's first issue.

Similarly, we overrule appellant's second and third issues, both of which pertain to the trial court's decision to grant a mistrial, and both of which could have been—but were not—raised on direct appeal.[3] *See id.*

Having overruled appellant's three issues, we affirm the order of the trial court.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

210203F.U05

---

[3] In any event, appellant's current mistrial complaints would have found no success even had he raised them on direct appeal. The trial court did take less drastic action before granting mistrial by giving the deadlocked jurors an *Allen* charge. *See Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006) (citing *Allen v. United States*, 164 U.S. 492, 501 (1896)); *Ex parte McMillian*, No. 05-11-00642-CR, 2011 WL 3795727, at \*3 (Tex. App.—Dallas Aug. 29, 2011, pet. ref'd) (not designated for publication). And the record indicates appellant requested the mistrial: it contains the trial court's May 8, 2015 order stating it is granting appellant's oral motion for mistrial. Moreover, appellant's motion for a transcript of the first trial in preparation for a second trial stated he made that request after "[s]aid Defendant was granted a Mistrial." *See Ex parte Garrels*, 559 S.W.3d 517, 522 (Tex. Crim. App. 2018); *Ex parte Little*, 887 S.W.2d 62, 65 (Tex. Crim. App. 1994). Even had appellant raised these issues on direct appeal, the record directly contradicts appellant's assertions, and they are without merit.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

EX PARTE KURNICUS HAYES

No. 05-21-00203-CR

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. WX20-93394-T.
Opinion delivered by Justice Goldstein. Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of December 2022.